UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X        07 CV 7599 (LTS)

MARK LACHAR,

       Plaintiff,

                 VERIFIED
                 COMPLAINT
  -against-           AND DEMAND FOR
                 A JURY TRIAL

THE CITY OF NEW YORK,
N.Y.C. POLICE LIEUTENANT
JOSEPH DELDUCA, BEING
SUED INDIVIDUALLY AND
IN HIS OFFICIAL CAPACITY,

       Defendants.

-------------------------------------------------------X

   1.  This is an action for compensatory and punitive damages for violation of Plaintiff's rights under the Fourth, Fifth amendments and Fourteenth Amendment to the Constitution of the United States and for assault and battery, false arrest, abuse of process, malicious prosecution, intentional infliction of emotional distress, and negligent hiring and/or retention of incompetent, unqualified, unfit and assaultive employees, by reason of the unlawful acts of defendants.

### JURISDICTION

   2.  This action is brought pursuant to 42 U.S.C. § 1983. Jurisdiction is founded upon 28 U.S.C. § 1343.  Plaintiff further invokes the pendent jurisdiction of this Court to hear and decide claims arising under state law pursuant to 28 U.S.C. § 1367.  Venue is proper in this district under 28 U.S.C. § 1391(b) in that all claims arose in this district.

### PARTIES

   3.  Plaintiff MARK LACHAR is a resident of the City of New York, New York County, in the State of New York.

4. At all times hereinafter mentioned, the Defendant officer was an employee of the New York City Police Department (HEREINAFTER REFERRED TO AS "N.Y.P.D.") acting within the scope and authority of his employment.

5. He is being sued individually and in his official capacity as a New York City Police Officer.

6. The Defendant CITY OF NEW YORK, (HEREINAFTER REFERRED TO AS "City"), was a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York, and as such maintained the Defendant New York City Police Department and employed the individual Defendants sued herein.

7. That upon information and belief the City was responsible for the training of its police officers.

8. That at all times herein the defendant, City, was negligent in the hiring, training, supervision, discipline, retention and promotion of the agents, servants and/or employees of the N.Y.P.D.

9. That at all times mentioned herein the Defendant, City, knew or should have known of the discriminatory nature, bad judgment, and unlawful propensities of the officers involved in the violation of civil rights, assault, false arrest and malicious prosecution of the Plaintiff.

FACTS

10. On or about November 24, 2006, at approximately 11:30 P.M., plaintiff was walking in Manhattan, on Houston Street between Orchard and Ludlow Streets, with his wife and another couple, when he was assaulted by the defendant officer and arrested without probable cause to do so.

11. Plaintiff spent approximately 24 hours in jail before being released by a judge at his arraignment.

12. Defendant officer falsely accused plaintiff of assaulting him and

interfering in the arrest of his friend.  All of the paperwork prepared regarding these false charges was prepared by defendant officer.

13.    The defendant officer included in their paperwork material misstatements of fact which he knew to be false.

14.    Defendant knew that these documents would be relied on by the prosecutor and the Court during Plaintiff's prosecution.

15.    On June 28, 2007, plaintiff was acquitted by a jury of all charges.

16.  Plaintiff suffered pain and physical injuries.   As a result of said injuries and prosecution, plaintiff was unable to attend to his usual routine.

17.  As a result of Plaintiff's false arrest, incarceration, vicious assault, malicious prosecution and violation of his civil rights, plaintiff suffered degradation, humiliation, loss of reputation and esteem and various other emotional and physical injuries.

18.  Defendant City of New York has pursued a policy and custom of deliberate indifference to the rights of persons in its domain, including the Plaintiff, in its procedures for supervising and removing, when appropriate, unstable and violent police officers from their duties, including but not limited to the fact that Defendants City and/or N.Y.P.D. knew of the individual Defendants' tendencies to make unlawful arrests, unlawful seizures, use excessive force, and otherwise commit unlawful acts, but took no steps to prevent the exercise of such tendencies.

19.  Defendants City and N.Y.P.D. knew or should have known that prior to the arrest date, the perpetration of unlawful arrests, commission of other unlawful acts, and the use of excessive force and the infliction of injury to persons in the custody of defendant officers was occurring, in that there were reports of such unlawful conduct by these specific officers.

20.  Defendants City and N.Y.P.D., among other deficiencies, failed to institute a bona fide procedure in which Defendant City and/or N.Y.P.D. investigated the unlawful acts of Defendants or properly investigated reports of their alleged misconduct.

## CONDITIONS PRECEDENT

21.  Within 90 days of the arrest, on January 25, 2007 and again on July 6, 2007, Notices of Claim were served upon the Defendant City of New York, setting forth:

1.    The name and post office address of the Claimant and his attorney;

2.    The nature of the claim;

3.    The time when, the place where, and the manner in which the claim arose;

4.    The items of damages and injuries sustained so far as practicable.

22.  The Notices of Claim were served upon the Defendant City within 90 days after Plaintiff's several causes of action accrued.

23.  More than thirty days have elapsed since the Notices of Claims were served upon the City of New York.

24.  The City of New York and its Comptroller have failed, neglected and refused to pay, settle, compromise or adjust the claim of the Plaintiff herein.

25.  The Plaintiff has made himself avbailabvle for an inquiry concerning the justness of his claims as provided by Section 50-H of the General Municipal Law.

26.  This action has been commenced within one year and 90 days after Plaintiff's various cause of action have accrued.

27.  Plaintiff has duly complied with all of the conditions precedent to the commencement of this cause of action.

FOR A FIRST CAUSE OF ACTION
FOR VIOLATION OF CIVIL RIGHTS

28. Plaintiff reiterates and realleges the facts stated in paragraphs 1-27 as if stated fully herein.

29. As a result of their actions, Defendants, individually, and in conspiracy with each other, under "color of law", deprived plaintiff of his right to liberty without due process of law in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. 1983.

30. Defendants subjected Plaintiff to these deprivations of his rights either maliciously or by acting with a reckless disregard for whether Plaintiff's rights would be violated by their actions.

31. As a direct and proximate result of the acts of Defendants, Plaintiff suffered injuries, endured great pain and mental suffering, and was deprived of his liberty.

SECOND CAUSE OF ACTION
FOR VIOLATION OF CIVIL RIGHTS

32. Plaintiff reiterates and realleges the facts stated in paragraphs 1-31 as if stated fully herein.

33. As a result of their actions, Defendants, individually, and in conspiracy with each other, under "color of law", deprived plaintiff of his right to freedom from the use of excessive and unreasonable force and freedom from deprivation of liberty without due process of law in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. 1983.

34. Defendants subjected Plaintiff to these deprivations of his rights either maliciously or by acting with a reckless disregard for whether Plaintiff's rights would be violated by their actions.

35. As a direct and proximate result of the acts of Defendants, Plaintiff suffered

injuries, endured great pain and mental suffering, and was deprived of his liberty.

THIRD CAUSE OF ACTION
FOR VIOLATION OF CIVIL RIGHTS

36.  Plaintiff reiterates and realleges the facts stated in paragraphs 1-35 as if stated fully herein.

37.  Defendant City and N.Y.P.D., through The N.Y.C. Police Commissioner, as a municipal policymaker, in the hiring, training and supervision of the Defendant officers, have pursued a policy and custom of deliberate indifference to the rights of persons in their domain, and Plaintiff, violating Plaintiff's right to freedom from the use of excessive and unreasonable force and freedom from deprivation of liberty without due process of law in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. 1983.

38.  As a direct and proximate result of the aforementioned policy and custom of deliberate indifference of Defendants City and N.Y.P.D., Defendant officers committed the unlawful acts referred to above and thus, Defendant City is liable for Plaintiff's injuries.

FOURTH CAUSE OF ACTION
FOR ASSAULT AND BATTERY

39.  Plaintiff reiterates and realleges the facts stated in paragraphs 1-38 as if stated fully herein.

40.  At the said time and place, Plaintiff, without any just cause or provocation was assaulted and intentionally injured by Defendant officers, acting within the scope of their employment, "under color of law", and on behalf of their employer, N.Y.P.D., and the Defendant City.

41.  By reason of said assault, Plaintiff sustained injuries as aforesaid for which

all Defendants are liable.

42. The aforesaid incident and resulting injuries to Plaintiff was caused without any fault of Plaintiff.

### FIFTH CAUSE OF ACTION
### FOR FALSE ARREST AND FALSE IMPRISONMENT

43. Plaintiff reiterates and realleges the facts stated in paragraphs 1-42 as if stated fully herein.

44. Plaintiff while lawfully in New York, New York, was arrested without just cause, provocation, probable cause, or any valid reason, by agents, servants and/or employees. This Defendant was employed by the Defendants City and N.Y.P.D., and was acting within the scope of his employment, "under color of law", and on behalf of his employers, Defendants City and N.Y.P.D.

45. Plaintiff was falsely held and imprisoned for approximately 27 hours as a result of h4er false arrest.

46. This false imprisonment was perpetrated against Plaintiff by agents, servants and/or employees of the   Defendant City and N.Y.P.D., and acting within the scope of their employment, "under color of law", and on behalf of their employer, Defendants City and N.Y.P.D..

47. As a result of the occurrence, Plaintiff was caused to and did suffer the damages and injuries aforesaid.  All Defendants are liable for said damages and injuries.

### AS AND FOR A SIXTH CAUSE OF ACTION FOR
### ABUSE OF PROCESS AND MALICIOUS PROSECUTION

49. Plaintiff reiterates and realleges the facts stated in paragraphs 1-47 as if stated fully herein.

50. In instigating, ordering, validating, procuring and assisting in the arrest of Plaintiff, Defendant officer, acting within the scope of his employment, "under color of

law", and on behalf of his employer,  maliciously prosecuted Plaintiff without reasonable or probable cause and with full knowledge that the charges were false.

51.    As a result of abuse of process and malicious prosecution, plaintiff was compelled to come to court.

52.  As a result of the aforesaid occurrence, Plaintiff was caused to and did suffer the damages and injuries aforesaid.  All Defendants are liable for said damages.


PRAYER FOR RELIEF

WHEREFORE, plaintiff prays that this Court:

1.  Enter a judgment that Defendants, by their actions, violated Plaintiff's rights under state law, and violated Plaintiff's rights under the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and violated Plaintiff's rights under State law; and,

2.  Enter a judgment, jointly and severally, against Defendant officers, and The City of New York for compensatory damages in the amount of Two Million ($2,000,000.00) Dollars; and,

3.  Enter a judgment, jointly and severally against Defendant officers, and The City of New York for punitive damages in the amount of Four Million ($4,000,000.00) Dollars; and,

4.  Enter an Order:

a) Awarding plaintiff's reasonable attorney's fees and litigation expenses pursuant to 42 U.S.C. sec. 1988;

b) Granting such other and further relief which to the Court seems just and proper.

<u>DEMAND FOR JURY TRIAL</u>

Plaintiff hereby demands a trial by jury.


Dated: New York, New York
       August 24, 2007

                                    **RESPECTFULLY,**



                                    **STEVEN A. HOFFNER, ESQ.**
                                    Attorney for the Plaintiff
                                    350 Broadway, Suite 1105
                                    New York, New York 10013
                                    (212) 941-8330
                                    (SH-0585)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

MARK LACHAR,

                          Plaintiff,

       -against-

THE CITY OF NEW YORK,
N.Y.C. POLICE LIEUTENANT
JOSEPH DELDUCA, BEING
SUED INDIVIDUALLY AND
IN HIS OFFICIAL CAPACITY,

                          Defendants.

-------------------------------------------------------X

 

 

**STEVEN A. HOFFNER, ESQ.**
Attorney for the Plaintiff
350 Broadway, Suite 1105
New York, New York 10013
Ph:    (212) 941-8330
Fax:   (212) 941-8137

VERIFIED
COMPLAINT
AND DEMAND FOR
A JURY TRIAL