UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

MARK LACHAR,

                               Plaintiff,

           -against-

THE CITY OF NEW YORK, N.Y.C. POLICE
LIEUTENANT JOSEPH DELDUCA, BEING SUED
INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY,

                              Defendants.

------------------------------------------------------------------------ x

**ANSWER**

Jury Trial Demanded

07 Civ. 7599 (LTS)(JCF)

        The City of New York and Lieutenant Joseph Delduca, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows:

        1.     Deny the allegations set forth in paragraph "1" of the complaint, except admit plaintiff purports to proceed as stated therein.

        2.     Deny the allegations set forth in paragraph "2" of the complaint, except admit plaintiff purports to invoke the jurisdiction of the Court and base venue as stated therein.

        3.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "3" of the complaint.

        4.     Deny the allegations set forth in paragraph "4" of the complaint, except admit defendant Joseph Delduca is employed by defendant City of New York as a police lieutenant.

        5.     Deny the allegations set forth in paragraph "5" of the complaint, except admit plaintiff purports to proceed as stated therein.

6. Deny the allegations set forth in paragraph "6" of the complaint, except admit that defendant City of New York is a municipal corporation organized under the laws of the State of New York, further admit that defendant Joseph Delduca is employed by defendant City of New York and respectfully refer the Court to the City Charter and Administrative Code for a recitation of the relationship between the City of New York and the New York City Police Department.

7. In response to the allegations set forth in paragraph "7" of the complaint, defendants respectfully refer the Court to the City Charter and Administrative Code for a recitation of the relationship between the City of New York and the New York City Police Department.

8. Deny the allegations set forth in paragraph "8" of the complaint.

9. Deny the allegations set forth in paragraph "9" of the complaint.

10. Deny the allegations set forth in paragraph "10" of the complaint, except deny knowledge or information sufficient to form a belief as to whether plaintiff was walking with others in Manhattan on Houston Street between Orchard and Ludlow Streets at approximately 11:30 P.M., on or about November 24, 2006, except admit that plaintiff was in the vicinity of 201 East Houston Street at about 11:54 P.M. on November 24, 2006.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the complaint.

12. Deny the allegations set forth in paragraph "12" of the complaint.

13. Deny the allegations set forth in paragraph "13" of the complaint.

14. Deny the allegations set forth in paragraph "14" of the complaint.

15. Admit the allegations set forth in paragraph "15" of the complaint.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the complaint.

17. Deny the allegations set forth in paragraph "17" of the complaint.

18. Deny the allegations set forth in paragraph "18" of the complaint.

19. Deny the allegations set forth in paragraph "19" of the complaint.

20. Deny the allegations set forth in paragraph "20" of the complaint.

21. Deny the allegations set forth in paragraph "21" of the complaint, except admit that purported Notices of Claim were received in the Office of the Comptroller of the City of New York on or about January 25, 2007 and on or about July 6, 2007.

22. Deny the allegations set forth in paragraph "22" of the complaint, except admit that purported Notices of Claim were received in the Office of the Comptroller of the City of New York on or about January 25, 2007 and on or about July 6, 2007.

23. Deny the allegations set forth in paragraph "23" of the complaint, except admit that more than thirty days have elapsed since the purported Notices of Claim were received in the Office of the Comptroller.

24. Deny the allegations set forth in paragraph "24" of the complaint, except admit that no payment or adjustment has been made to plaintiff.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the complaint.

26. Deny the allegations set forth in paragraph "26" of the complaint, except admit that this action was commenced on or about August 28, 2007.

27. Deny the allegations set forth in paragraph "27" of the complaint and respectfully refer all questions of law to the Court.

28. In response to the allegations set forth in paragraph "28" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1-27" inclusive of their answer, as if fully set forth herein.

29. Deny the allegations set forth in paragraph "29" of the complaint.

30. Deny the allegations set forth in paragraph "30" of the complaint.

31. Deny the allegations set forth in paragraph "31" of the complaint.

32. In response to the allegations set forth in paragraph "32" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1-31" inclusive of their answer, as if fully set forth herein.

33. Deny the allegations set forth in paragraph "33" of the complaint.

34. Deny the allegations set forth in paragraph "34" of the complaint.

35. Deny the allegations set forth in paragraph "35" of the complaint.

36. In response to the allegations set forth in paragraph "36" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1-35" inclusive of their answer, as if fully set forth herein.

37. Deny the allegations set forth in paragraph "37" of the complaint.

38. Deny the allegations set forth in paragraph "38" of the complaint.

39. In response to the allegations set forth in paragraph "39" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1-38" inclusive of their answer, as if fully set forth herein.

40. Deny the allegations set forth in paragraph "40" of the complaint.

41. Deny the allegations set forth in paragraph "41" of the complaint.

42. Deny the allegations set forth in paragraph "42" of the complaint.

43. In response to the allegations set forth in paragraph "43" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1-42" inclusive of their answer, as if fully set forth herein.

44. Deny the allegations set forth in paragraph "44" of the complaint, except admit that plaintiff was arrested by an employee of defendant City of New York.

45. Deny the allegations set forth in paragraph "45" of the complaint.

46. Deny the allegations set forth in paragraph "46" of the complaint.

47. Deny the allegations set forth in paragraph "47" of the complaint.

48. Plaintiff's complaint does not contain paragraph "48"; thus, there are no averments of fact to which a response is required.

49. In response to the allegations set forth in paragraph "49" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1-48" inclusive of their answer, as if fully set forth herein.

50. Deny the allegations set forth in paragraph "50" of the complaint.

51. Deny the allegations set forth in paragraph "51" of the complaint, except admit that plaintiff appeared in court.

52. Deny the allegations set forth in paragraph "52" of the complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE:**

53. The complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**

54. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

55. The individual defendant Joseph Delduca has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore is protected by qualified immunity.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

56. At all times relevant to the acts alleged in the complaint, defendants acted reasonably in the proper and lawful exercise of their discretion, therefore they are entitled to state law good faith immunity.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

57. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and was not the proximate result of any act of the defendants.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

58. Plaintiff has failed to comply, in whole or in part, with New York General Municipal Law § 50-e.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

59. There was probable cause for plaintiff's arrest, detention and prosecution.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

60. Plaintiff cannot recover punitive damages from defendant City of New York.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

61. Plaintiff provoked any incident.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:

62. Plaintiff's conspiracy claims are barred by the intra-corporate conspiracy doctrine.

- 7 -

**WHEREFORE,** defendants request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:   New York, New York
         November 16, 2007

                               MICHAEL A. CARDOZO
                               Corporation Counsel of the
                                  City of New York
                               Attorney for Defendants
                               100 Church Street, Room 3-141
                               New York, New York 10007
                               (212) 788-0869

                               By:  /s/ Jordan M. Smith
                                     Jordan M. Smith
                                     Assistant Corporation Counsel

To:  Steven Hoffner, Esq. (by ECF)
     350 Broadway, Suite 1105
     New York, New York  10013