UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

MARK LACHAR,

                                                Plaintiff,       **PRELIMINARY PRE-TRIAL STATEMENT**

                  -against-                           07 Civ. 7599 (LTS)

THE CITY OF NEW YORK, N.Y.C. POLICE
LIEUTENANT JOSEPH DELDUCA, being sued
individually and in his official capacity,

                                               Defendants.

-------------------------------------------------------------------x

       Now come the parties, plaintiff Mark Lachar, defendant Lieutenant Joseph Delduca, and defendant City of New York, by and through their respective counsel, and hereby and herein submit the following as a Preliminary Pre-Trial Statement as required by the Individual Practices of the Honorable Laura Taylor Swain, United States District Judge, Southern District of New York.

a.    **The Nature of this Action.**

       This civil rights action arises from Plaintiff's arrest by New York City Police Officers on or about November 24, 2006. Plaintiff asserts federal claims under 42 U.S.C. § 1983 ("Section 1983") of false arrest, excessive force, abuse of process and malicious prosecution, deprivation of his liberty without due process, civil conspiracy and deliberate indifference by the City to the hiring, training and supervision of the defendant officer, failure to hire, train and supervise in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United Statesand ; and parallel state law under the common law.

b.     **A Concise Statement of the Basis of this Court's Jurisdiction of the Action.**

Plaintiff's Statement:

Jurisdiction is conferred upon this court by 42 U.S.C. §1983, this being an action seeking redress for violation of the plaintiff's constitutional and civil rights by defendants acting under color of state law.

Defendants' Joint Statement:

This Court has subject matter jurisdiction pursuant to pursuant to 28 U.S.C. §§ 1331, 1343 and as this case arises under § 1983 and Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States Constitution. The Court also has supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

c.     **A Concise Statement of All Material Uncontested or Admitted Facts.**

Plaintiff was arrested on November 24, 2006. On or about June 28, 2007, plaintiff was acquitted of the charges preferred against him after a trial.

d.     **A Concise Statement of all Uncontested Legal Issues.**

None at this time.

e.     **A Concise Statement of all Legal Issues to be Decided by the Court.**

Plaintiff's anticipated legal issues:

Plaintiff anticipates that defendants will attempt to argue that the officers acted based upon probable cause, as well as put forth a defense of qualified immunity. Plaintiff does not believe that defendants can meet their burdens as to either of these defenses based upon plaintiff's version of the events.

Plaintiff has demanded both compensatory and punitive damages. Regarding punitive damages, one issue may be whether the defendant officer is entitled to be indemnified by the City, and to what extent the officer should be able to seek to mitigate

any punitive award based upon his personal financial situation considering that the City may ultimately be required to indemnify him.

Plaintiff will be seeking discovery from the City regarding their position on indemnification of the officer regarding both compensatory and punitive damages.

Defendant City of New York's anticipated legal issues:

Defendant City of New York submits the following legal issues will likely be addressed during the course of this litigation.

- Whether plaintiff has adequately stated a claim upon which relief can be granted.

- Whether plaintiff can establish any policy or practice that caused the alleged constitutional deprivation(s).

- Whether the City of New York is immune from suit with respect to any of plaintiff's state law claims under the doctrines of absolute and/or qualified immunity.

- Whether there was probable cause for plaintiff's arrest, detention and prosecution.

- Whether any conduct by defendant City was the proximate cause of any injury to plaintiffs under federal law.

- Whether the injury sustained was the proximate result of conduct on the part of defendant City of New York or resulted in whole or in part from the culpable, negligent and/or intervening conduct of others or persons for whose conduct defendant City of New York is not responsible.

- Whether plaintiffs' state law claims are barred for failure to properly comply with the applicable conditions precedent to suit.

- Plaintiff cannot recover punitive damages from defendant City of New York.

Defendant Delduca's Statement:

Defendant Delduca submits the following legal issues will likely be addressed during the course of this litigation.

- Whether plaintiff has adequately stated a claim upon which relief can be granted.

- Whether defendant Delduca is immune from suit with respect to any of plaintiff's claims under the doctrines of qualified immunity.

- Whether there was probable cause for plaintiff's arrest, detention and prosecution.

- Whether any conduct by defendant Delduca was the proximate cause of any injury to plaintiffs under federal law.

- Whether the injury sustained was the proximate result of conduct on the part of defendant Delduca or resulted in whole or in part from the culpable, negligent and/or intervening conduct of others or persons for whose conduct defendant Delduca is not responsible, including plaintiff.

- Whether any force used to effect plaintiff's arrest was reasonable under the circumstances.

f. **Each Party's Concise Statement of Material Disputed Facts.**

Plaintiff's Statement: The disputed facts are whether plaintiff's conduct provided the officer with probable cause to arrest him and use force against him in effecting said arrest.

Defendant City's Statement: At this point in time, other than the agreed upon undisputed facts set forth above, all other material facts are disputed.

Defendant Delduca's Statement: Defendant Delduca adopts defendant City's Statement in this regard.

g. **A Concise Statement by Each Plaintiff and Each Counterclaimant of the Legal Basis of Each Cause of Action Asserted, Including Citations to All Statutes, Federal Rules of Civil Procedure, Other Rules and Case Law to be Relied Upon by Such Plaintiff or Counterclaimant.**

Plaintiff's Statement:

Legal bases for plaintiff's causes of action are that 42 USC § 1983 was violated by Lieutenant Delduca in that he arrested plaintiff without probable cause and thus deprived him of his right to liberty without due process. The Lieutenant also violated plaintiff's civil rights by using excessive force against plaintiff.

Plaintiff has also made out claims for state law violations for false arrest, assault and malicious prosecution. His causes of action are all well-grounded based upon the facts as alleged

4

by plaintiff and corroborated by independent witnesses.

**h.    Each Party's Concise Statement of the Legal Basis of Each Defense Asserted or Expected to be Asserted by Such Party, Including Citations to all Statutes, and other Applicable Regulatory and Judicial Authority Intended to be Relied on by Such Party.**

Defendant City of New York's Statement:

1. The complaint fails to state a claim upon which relief can be granted. Goldman v. Belden, 754 F.2d 1059, 1065 (2d. Cir. 1985).

2. Defendant City of New York has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have defendants violated any Act of Congress providing for the protection of civil rights.

3. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the conduct of third parties and was not the proximate result of any act of defendant City of New York.

4. There was probable cause for plaintiff's arrest, detention, and prosecution. Therefore, there is no liability under Section 1983 for false arrest, false imprisonment and malicious prosecution. Singer v. Fulton County Sheriff, et al., 63 F.3d 110, 118 (2d Cir. 1995).

5. Plaintiff cannot state a claim against the City of New York because he cannot establish a constitutional violation, let alone an unconstitutional municipal policy, practice, or custom. Vippolis v. Village of Haverstraw, 768 F.2d 40, 44 (2d Cir. 1985), cert. denied, 480 U.S. 916 (1987).

6. Some or all of plaintiff's state law claims may be barred for failure to comply with New York General Municipal Law §§ 50-e and 50-i.

7. Any injury alleged to have been sustained by plaintiff was not the proximate result of conduct on the part of defendant City of New York.

8. Plaintiff cannot recover punitive damages from defendant City of New York. City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271 (1981) (a municipality is immune from punitive damages under 42 U.S.C. § 1983).

Defendant Delduca's Statement:

1. The complaint fails to state a claim upon which relief can be granted. Goldman v. Belden, 754 F.2d 1059, 1065 (2d. Cir. 1985).

2. Defendant Delduca has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have defendants violated any Act of Congress providing for the protection of civil rights.

3. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the conduct of third parties and was not the proximate result of any act of defendant Delduca.

4. Defendant Delduca may be entitled to absolute and/or qualified immunity from liability with respect to plaintiff's state law claims. Estate of Yankel Rosenbaum v. City of New York, 982 F. Supp. 894 (E.D.N.Y. 1997); Mon v. City of New York, 78 N.Y.2d 309, 313 (1991); Tango v. Tulevech, 61 N.Y.2d 34, 41 (1983).

5. There was probable cause for plaintiff's arrest, detention, and prosecution. Therefore, there is no liability under Section 1983 for false arrest, false imprisonment and malicious prosecution. Singer v. Fulton County Sheriff, et al., 63 F.3d 110, 118 (2d Cir. 1995).

6. Any injury alleged to have been sustained by plaintiff was not the proximate result of conduct on the part of defendant Delduca.

i. **A Concise Statement of the Measure of Proof and on Whom the Burden of Proof Falls as to Each Cause of Action or Defense.**

Plaintiff's Statement: Plaintiff bears the ultimate burden of proof on all claims by a preponderance of the evidence, however the defendants have the burden of proving that the arrest was based upon probable cause, as a warrantless arrest is presumed, as a matter of law, unlawful.

Plaintiff also has the burden to show that the force utilized against him was unreasonable, and that no reasonable officer would have thought it necesssaru under the circumstances as known to him.

Regarding the malicious prosecution claim, plaintiff must establish four elements: 1) that the prosecution was commenced against him by the defendant; 2) that it was initiated without probable cause; 3) that it terminated in plaintiff's favor; 4) that it was done with malice. Under the law, malice can be presumed by the absence of probable cause.

Defendant City's Statement: The burden of proof is on the plaintiff to prove each cause of action enumerated in the complaint by a preponderance of the credible evidence. The burden of proof is on defendant City of New York to prove any true affirmative defense by a preponderance of credible evidence.

<u>Individual Defendants' Statement</u>: Defendant Delduca adopts defendant City's Statement in this regard.

j.  **Whether and to What Extent Amendments to Pleadings and/or the Addition or Substitution of Parties will be Required, and Proposed Deadlines.**

The parties propose (1) that they may amend their pleadings and add or substitute parties and/or causes of action until March 7, 2008; and (2) that they may amend their pleadings and add or substitute parties and/or causes of action after March 7, 2008, only upon a showing of good cause.

k.  **A Statement as to Whether all Parties Consent to Trial of the Case by a Magistrate Judge (Without Identifying Which Parties Have or Have Not so Consented).**

At this time, the parties do not consent to trial by a Magistrate Judge.

l.  **What, If Any, Changes Should be Made in the Timing, Form or Requirements for Disclosures Under Fed. R. Civ. P. 26(A), Including a Statement as to When Any Disclosures Required Under Fed. R. Civ. P. 26(a) Were Made or Will be Made.**

No changes should be made in the timing, form or requirements for disclosures under Fed. R. Civ. P. 26(a), except, that the initial disclosures required under Fed. R. Civ. P. 26(a) will be made by all parties on or before February 29, 2008.

m.  **The Subjects on Which Disclosure May be Needed, and Whether Discovery Should be Conducted in Phases or be Limited to or Focus Upon Particular Issues, Including a Concise Description of Each Party's Plan for Discovery and a Proposed Discovery Cutoff.**

At this time, the parties do not believe that fact discovery should be conducted in phases or be limited to or focused on particular issues. The parties propose that fact discovery be completed by August 8, 2008.

<u>Plaintiff's Plan for Discovery</u>: Plaintiff is amenable to either discovery plans proposed by defendants.

<u>Defendant City's Plan for Discovery</u>:

Defendants' contemplated discovery includes, but is not limited, to the following:

1. Document discovery by discovery and interrogatory requests.

2. Deposition of Plaintiff and witnesses identified by plaintiff in his initial disclosures or in subsequent discovery responses.

3. Depositions of any additional non-parties identified throughout the course of discovery.

4. Deposition(s) of plaintiff's expert witness(es) as identified in his Rule 26(a)(2) disclosures.

5. Defendant City of New York will seek disclosure of plaintiff's complete medical history, including psychiatric history, for the past ten years.

6. Defendant City of New York will seek documentation regarding plaintiff's arrest(s) and criminal prosecution(s).

7. Defendant City of New York will seek records of any employer who employed plaintiff for the past ten years.

8. If there is a claim of lost income in this action, defendant City of New York will seek plaintiff's federal and state income tax returns since the incident and for the five years prior to the incident.

9. Defendant City of New York will seek documentation regarding insurance carriers with whom plaintiff has made claims within the last five years.

10. Defendant City of New York will seek documentation from Medicaid and/or Medicare pertaining to any claims plaintiff has made within the last five years.

11. Defendant City of New York will seek documentation from Social Security pertaining to any claims plaintiff has made within the last five years.

<u>Individual Defendants' Plan for Discovery</u>: Defendant Delduca adopts defendant City's Plan for Discovery in this regard.

n.  **Whether and to What Extent Expert Evidence Will be Required, and proposed Deadlines for Expert Discovery.**

The parties propose that Plaintiff's expert report(s) will be served on or before September 8, 2008, that Defendants' expert reports(s) will be served on or before October 8, 2008, and that any expert depositions will be completed by October 22, 2008.

<u>Plaintiff's Anticipated Experts</u>: None at this time.

<u>Defendants' Joint Statement on Anticipated Experts</u>: Defendants intend to offer expert testimony to rebut expert testimony proffered by plaintiff.

o.  **What, if any, Changes Should be Made in the Limitations on Discovery Imposed Under the Federal Rules of Civil Procedure or the Local Rules of Court, and What Other Limitations Should be Imposed.**

The parties do not believe that any discovery limitations or alterations to the discovery rules are necessary at this time.

p.  **The Status of Settlement Discussions and the Prospects for Settlement of the Action in Whole or in Part, <u>Provided</u> that the Preliminary Pre-Trial Statement Shall Not Disclose To The Court Specific Settlement Offers or Demands.**

The parties have not yet engaged in any settlement discussions. While defendants are willing to discuss settlement, they cannot properly assess this matter for settlement until the appropriate documents relating to plaintiff's purported injuries are secured. Moreover, defendant City of New York will likely require contribution from the defendant Delduca for any potential settlement offer.

q. **A Statement by Each Party as to Whether the Case is to be Tried With or Without A Jury and the Number of Trial Days Expected to be Needed for Presentation of that Party's Case.**

> The parties agree that this case is to be tried with a jury.
>
> Plaintiff anticipates needing two days to present his case in chief.
>
> Co-defendant Delduca anticipates needing two days to present his case in chief.
>
> Defendant City of New York anticipates needing two to three days to present its case in chief.

r. **Any Other Orders that Should be Entered by the Court Under Fed. R. Civ. P. 26(c) or Fed. R. Civ. P. 16(b) and (c).**

The parties do not believe that any additional discovery orders are necessary at this time. Defendant City of New York anticipates that a Protective Order to protect the personal information about its employees and sensitive and confidential information of the parties may be warranted. The parties will attempt to reach and agreement on such Order.

The parties, through their respective counsel, reserve their right to amend and to supplement this Preliminary Pre-Trial Statement.

Dated: New York, New York
February 1, 2008

| | |
|---|---|
| Steven Hoffner, Esq.<br>Attorney for plaintiff<br>350 Broadway, Suite 1105<br>New York, New York 10013<br>(212) 941-8330<br>sahoffner@aol.com<br><br>By: _____/s/_____<br>  Steven Hoffner, Esq. (SH-0585) | MICHAEL A. CARDOZO<br>Corporation Counsel of the City of New York<br>Attorney for Defendant City of New York<br>100 Church Street, Room 2-108<br>New York, New York 10007<br>(212) 788-0879<br>bsitaras@law.nyc.gov<br><br>By: _____/s/_____<br>  Basil C. Sitaras (BS-1027)<br>  Assistant Corporation Counsel<br><br>James M. Moschella<br>Karasyk & Moschella, LLP<br>Attorneys for Defendant Delduca<br>225 Broadway, 32nd Floor<br>New York, NY 10007<br>(212)-233-3800<br>jmoschella@kmattorneys.com<br><br>By: _____/s/_____<br>  James M. Moschella, Esq. (JM-9398) |

SO ORDERED:

_____
HON. LAURA TAYLOR SWAIN
UNITED STATES DISTRICT JUDGE

11